Donald J. Kennedy
Carter Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005-2072
Tel. No. 212-238-8707
Attorneys for Plaintiff
Star Tankers Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

Star Tankers Ltd.,

       Plaintiff,

     - against -

Chem Tankers C.V. and Chemship B.V.,

       Defendants.

-------------------------------------------------------------------X

08 Civ. 7078 (AKH)

ECF CASE

# MEMORANDUM OF LAW IN SUPPORT
# OF PLAINTIFF'S PETITION FOR ISSUANCE OF AN
# ADMIRALTY RULE B PROCESS OF
# MARITIME ATTACHMENT AND GARNISHMENT

CARTER LEDYARD & MILBURN LLP
COUNSELORS AT LAW
2 WALL STREET
NEW YORK, N.Y. 10005

(212) 732-3200

## Table of Contents

PRELIMINARY STATEMENT .................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 2

ARGUMENT .................................................................................................................. 2

    I. THIS COURT HAS ADMIRALTY JURISDICTION OVER THE DISPUTE ..... 2

    II. THE EXISTENCE OF THE LONDON ARBITRATION CLAUSE IN THE UNDERLYING CONTRACT DOES NOT VITIATE PLAINTIFF'S RIGHT TO A RULE B ATTACHMENT .................................................................................. 4

    III. THE CONDITIONS FOR A RULE B ATTACHMENT EXIST ........................... 4

        A. Plaintiff's Claim Is An Admiralty Or Maritime Claim ................................. 5

        B. Defendant Cannot Be "Found" within this District ...................................... 5

    IV. PLAINTIFF'S CLAIMS ARE PROPER ................................................................ 6

    V. ATTACHMENT OF ELECTRONIC FUND TRANSFERS IS PROPER ........... 6

CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

## FEDERAL CASES

Andros Compania Maritima, S.A. v. Andre & Cie, S.A., 430 F. Supp. 88 (S.D.N.Y. 1977) ................................................................................................................4

Casper Marine Inc. v. Seatrans Shipping Corp., 969 F. Supp. 395 (E.D. La. 1997) ....................4

Dongbu Express Co. Ltd. v. Navios Corp., 1997 AMC 34 (S.D.N.Y. 1996) ................................6

Filia Cia. Naviera S.A. v. Petroship S.A., 1982 AMC 1217 (S.D.N.Y. 1982) ..............................4

HBC Hamburg Bulk Carriers GmbH v. Proteinas y Oleicos S.A., 2005 U. S. Dist. LEXIS 8009 (S.D.N.Y. 2005) ....................................................................................6

K/S Ditlev Chartering A/S & Co. v. Egeria, 1982 A.M.C. 1817 (E.D. Va. 1982) .........................5

Noble Shipping Inc. v. Euro-Maritime Chartering Ltd., 2003 U. S. Dist. LEXIS 23008 (S.D.N.Y. 2003) ..............................................................................................6

Paramount Carriers v. Cook Indus., 465 F. Supp. 599 (S.D.N.Y. 1995) ........................................4

Rolls Royce Indus. Power v. M/V Fratzis M, 1996 AMC 393 (S.D.N.Y. 1995) ..........................6

Seawind Co., S.A. v. Crescent Line, Inc., 320 F.2d 580 (2d Cir. 1963) ........................................5

Unitramp, Ltd. v. Mediterranean Brokerage & Agents, S.A.S., 1994 AMC 476 (S.D.N.Y. 1993) ................................................................................................................4

Verton Navigation, Inc. v. Caribica Shipping, 1991 A.M.C. 1733 (S.D.N.Y. 1991) ................................................................................................................................5

V.T.T. Vulcan Petroleum, S.A. v. Langham-Hill Petroleum, Inc., 1989 A.M.C. 1301, 684 F. Supp. 389 (S.D.N.Y. 1988) ........................................................................5

Winter Storm Shipping, Ltd. v. TPI, 310 F. 3d 263 (2d Cir. 2002) ................................................6

Ythan Ltd. v. Am. Bulk Transp. Ltd., 336 F. Supp. 2d 305 (S.D.N.Y. 2004) ................................6

Donald J. Kennedy
Carter Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005-2072
Tel. No. 212-238-8707
Attorneys for Plaintiff
Star Tankers Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Star Tankers Ltd.,

                Plaintiff,

         - against -

Chem Tankers C.V. and Chemship B.V.,

                Defendants.
------------------------------------------------------------X

08 Civ.

ECF CASE

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S PETITION FOR ISSUANCE OF AN
ADMIRALTY RULE B PROCESS OF
<u>MARITIME ATTACHMENT AND GARNISHMENT</u>**

<u>**PRELIMINARY STATEMENT**</u>

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rule B") provides for a special remedy, commonly issued by district courts in maritime disputes. The circumstances for issuance of that remedy are present here.

6359611.1        1

## STATEMENT OF FACTS

There was a voyage charter party dated April 10, 2008, for the M/T Yamamah between Star Tankers Ltd. ("Star Tankers") and Defendants, Chem Tankers C.V. and Chemship B.V. for a voyage from New Orleans and Houston to Rotterdam and Antwerp with a cargo of various grades of bio-fuels (the "Charter Party") Ex. 1. Rider clauses to the Charter Party provide for arbitration of disputes in London in accordance with English law.

The Defendants directed the Vessel during the time period from April 2008 to June 2008, to New Orleans and Houston, for loading and Rotterdam and Antwerp for discharge. The vessel exceeded the allowed laytime and incurred demurrage in the amount of $227,253.15. A copy of Star Tankers's demurrage invoice is attached to the complaint as Ex. 2. Defendants have failed and refused to satisfy the amount due to Plaintiff as a result, Defendants' have breached the Charter Party.

As stated in the Verified Complaint and accompanying affidavit of Antonio Malaspina, sworn to on August 7, 2008, as Defendants is a foreign corporations, neither licensed nor authorized to do business in the State of New York, Defendants cannot be "found" in the Southern District of New York for the purposes of Supplemental Rule B.

## ARGUMENT

### I.  THIS COURT HAS ADMIRALTY JURISDICTION OVER THE DISPUTE

The Verified Complaint alleges admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure. As explained by Professor Thomas J. Schoenbaum:

> [t]he modern statutory formulation of admiralty jurisdiction, 28 U.S.C. § 1333, which is based upon the grant of admiralty jurisdiction in the

> Constitution, confers subject matter jurisdiction on the federal district courts. The Supreme Court has held that admiralty claims as such do not arise under the laws of the United States within the meaning of 28 U.S.C. § 1331, and thus are not federal question cases. However, a litigant is free to invoke federal question or diversity jurisdiction, if applicable, even in an admiralty case. The chief advantage of this course is to provide the basis for a jury trial. If there are multiple bases for federal jurisdiction, a claimant may specifically invoke admiralty jurisdiction through the Rule 9(h) designation.

<u>Admiralty and Maritime Law</u> § 3-2 (3d ed 2000) (footnotes omitted). With respect to "[t]he Significance and Consequences of Admiralty Jurisdiction," Professor Schoenbaum goes on to explain that:

> [w]hether or not a case comes within the admiralty jurisdiction has important consequences for litigants. **If the case is within the admiralty jurisdiction, the federal courts have subject matter jurisdiction without regard to diversity of citizenship and the amount in controversy or any other basis of subject matter jurisdiction.**
>
> * * *
>
> Furthermore, if the defendant in an admiralty case cannot be found within the district (within the court's territorial jurisdiction), a special quasi-in-rem attachment proceeding is available under the admiralty rules against certain assets of the defendant.

<u>Id.</u> at 69–70 (referring to Supplemental Rule B when discussing quasi-in-rem attachment proceeding) (emphasis added).

In this case, Plaintiff has specifically invoked Rule 9(h) of the Federal Rules of Civil Procedure, admiralty jurisdiction and Supplemental Rule B to assert the "special quasi-in rem attachment" of Defendant's assets that are or may shortly come into the hands of garnishees in New York County. Therefore, this Court has admiralty jurisdiction over the dispute.

## II. THE EXISTENCE OF THE LONDON ARBITRATION CLAUSE IN THE UNDERLYING CONTRACT DOES NOT VITIATE PLAINTIFF'S RIGHT TO A RULE B ATTACHMENT

The Federal Arbitration Act expressly reserves to maritime plaintiffs their traditional maritime remedies, such as maritime attachments, in cases that are otherwise subject to arbitration under 9 U.S.C. § 8.

In Filia Cia. Naviera S.A. v. Petroship S.A., a plaintiff obtained security for its claim for breach of charter by Rule B attachment of defendant's assets in the United States, which claim was submitted to London arbitration. 1982 AMC 1217 (S.D.N.Y. 1982). The defendant sought to dismiss the action on the grounds that, *inter alia*, the charter provided for the application of English law. Judge Sweet, however, held that "in the instant action involving a facially valid Rule B attachment, there is no procedural problem in staying the prosecution pending resolution of the London arbitration with the court retaining jurisdiction to enter its decree upon the final [arbitral] award." Id. at 1220 (internal citations omitted); see also Casper Marine Inc. v. Seatrans Shipping Corp., 969 F. Supp. 395 (E.D. La. 1997); Andros Compania Maritima, S.A. v. Andre & Cie, S.A., 430 F. Supp. 88, 94–95 (S.D.N.Y. 1977); Paramount Carriers v. Cook Indus., 465 F. Supp. 599, 602 (S.D.N.Y. 1995); Unitramp, Ltd. v. Mediterranean Brokerage & Agents, S.A.S., 1994 AMC 476, 478 (S.D.N.Y. 1993).

The Charter provides for London arbitration with English arbitration Law to apply. The Plaintiffs specifically reserve their right of London arbitration, which does not preclude the right to Rule B attachment to obtain security for an arbitration award.

## III. THE CONDITIONS FOR A RULE B ATTACHMENT EXIST

With respect to in personam admiralty or maritime claims, Supplemental Rule B provides for the attachment of "credits and effects in the hands of garnishees to be named

in the process to the amount sued for, if the defendant shall not be found within the district."

### A.   Plaintiff's Claim Is An Admiralty Or Maritime Claim

Plaintiffs claim is for Defendant's breach of the Charter. This cause of action is the essence of an admiralty or maritime claim.

### B.   Defendant Cannot Be "Found" within this District

As stated by Professor Schoenbaum, "[t]he jurisprudence has developed a two-pronged test for determining whether a defendant can be 'found within the district.' To avoid attachment the defendant must be found within the district both in terms of jurisdiction and for service of process." Admiralty and Maritime Law § 20-2 (2d ed 1987) (citing, inter alia, Seawind Co., S.A. v. Crescent Line, Inc., 320 F.2d 580 (2d Cir. 1963)).

This test has been applied to Rule B attachments of the assets of foreign corporations on innumerable occasions. See, e.g., Verton Navigation, Inc. v. Caribica Shipping, 1991 A.M.C. 1733, 1736 (S.D.N.Y. 1991); V.T.T. Vulcan Petroleum, S.A. v. Langham-Hill Petroleum, Inc., 1989 A.M.C. 1301, 1302, 684 F. Supp. 389, 390 (S.D.N.Y. 1988).

For example, the court in V . T . T Vulcan Petroleum stated that:

> not only must the defendant be able to accept process, but the defendant must also 'be engaged in sufficient activity in the district to subject it to jurisdiction even in the absence of a resident agent expressly authorized to accept process.'
>
> This two-prong test for vacating a maritime attachment serves two purposes: (1) to obtain jurisdiction of the [defendant] in personam through his property, and (2) to assure satisfaction of any decree in [the plaintiff's] favor.

684 F. Supp. at 390 (internal citations omitted).

After the plaintiff makes an initial showing that one of the conditions for the Rule B remedy applies, the defendant has the burden of proving that it can satisfy both prongs of the test. K/S Ditlev Chartering A/S & Co. v. Egeria, 1982 A.M.C. 1817, 1819 (E.D. Va. 1982) ("Although [defendant] has thus established that it is found within the district for service of process, the law requires [defendant] to establish that it is also found within the district for the purposes of personal jurisdiction.") (internal citation omitted).

For the reasons stated above and in the affidavit of Jinsoo J. Ro, Esq., the Defendant cannot be "found" in this District.

### IV.   PLAINTIFF'S CLAIMS ARE PROPER

To sustain a Rule B attachment, a plaintiff need only show that its claims are not frivolous, and that the damages are reasonably calculated. Dongbu Express Co. Ltd. v. Navios Corp., 1997 AMC 34 (S.D.N.Y. 1996); Rolls Royce Indus. Power v. M/V Fratzis M, 1996 AMC 393 (S.D.N.Y. 1995). The amount of the attachment properly includes interest and legal and arbitral costs recoverable in London arbitration. Dongbu Express, 1997 AMC 34.

### V.   ATTACHMENT OF ELECTRONIC FUND TRANSFERS IS PROPER

It is the law that attachment of electronic funds transfers by and to a maritime defendant is permissible. Winter Storm Shipping, Ltd. v. TPI, 310 F. 3d 263 (2d Cir. 2002); HBC Hamburg Bulk Carriers GmbH v. Proteinas y Oleicos S.A., 2005 U. S. Dist. LEXIS 8009 (S.D.N.Y. 2005); Ythan Ltd. v. Am. Bulk Transp. Ltd., 336 F. Supp. 2d 305 (S.D.N.Y. 2004); Noble Shipping Inc. v. Euro-Maritime Chartering Ltd., 2003 U. S. Dist. LEXIS 23008 (S.D.N.Y. 2003).

## CONCLUSION

In the circumstances, Plaintiff respectfully submits that this Court should issue an order of Process of Maritime Attachment and Garnishment, and grant such other and further relief as it may deem just.

Dated: New York, NY
       August 8, 2008

CARTER LEDYARD & MILBURN LLP
Attorneys for Plaintiff
Star Tankers Ltd.

By: _____
Donald J. Kennedy
Two Wall Street
New York, NY 10005
(212) 238-8707

6359611.1                              7